Zimmerman, J.
The questions presented are:
1. Was the Court of Appeals in error in dismissing appellant’s appeals as being from interlocutory nonappealable orders?
2. Did the Court of Common Pleas commit error in holding that the timely posting of bonds by the appellees constituted perfection of appeals from the amount fixed by the Director of Highways under the provisions of Section 5519.02, Revised Code?
3. Did the Court of Common Pleas have jurisdiction to grant leave to the appellees to file notices of intention to appeal from the amount fixed by the Director of Highways after the expiration of the 30-day period prescribed by Section 5519.02, Revised Code?
As applicable to the present controversies, Section 2505.02, Revised Code, defines a final order as “an order affecting a substantial right made in a special proceeding.”
In the case of In re Appropriation of Easements for Highway Purposes, 172 Ohio St., 338, 175 N. E. (2d), 512, this court held in a per curiam opinion that “Chapter 5519, Revised Code, establishes a special proceeding for the appropriation of property by the Director of Highways for highway purposes.”
An order affecting a substantial right arises where a litigant files a motion the sustaining of which would completely terminate the action. It would seem logically to follow that the overruling of such a motion constitutes an order affecting a substantial right of the losing party, and that is precisely what occurred in the pending cases. At least a majority of this *120 court is of the view that there were final appealable orders here entitled to recognition as such.
So far as is pertinent, Section 5519.02, Revised Code, recites:
“If any owner of property appropriated by the Director of Highways is not satisfied with the amount of money as fixed by the director, such owner may, within thirty days after the [personal] service of said notice * * * file a written petition, in duplicate, in the court, setting forth an intention to appeal from the amount so fixed. * * *
‘ ‘ The court shall fix the amount of bond to be given by the appellant, which shall be reasonable, and cause an entry thereof to be made on the journal of the court, and within three days transmit by registered or certified mail to the director one copy of said notice of intention to appeal and a copy of said entry.”
It would seem apparent that the filing of a petition setting forth an intention to appeal, as provided in the above-quoted section, is comparable to the filing of a notice of appeal in the ordinary civil action and, consequently, is jurisdictional. The filing of a notice of appeal within the time specified is a condition precedent to the right of appeal, and in the case of In re Appropriation of Easements for Highway Purposes, supra, it was held that Section 5519.02, Revised Code, fixing a 30-day period for the filing of a petition setting forth an intention to appeal, “is a statute of limitation and is mandatory and jurisdictional.”
Therefore, the filing of a petition under Section 5519.02, Revised Code, within the 30-day period prescribed is a jurisdictional prerequisite to the maintenance and prosecution of the appeal, and the failure to comply creates a valid ground for dismissal. In short, jurisdiction to consider and determine the appeal is lacking. 3 Ohio Jurisprudence (2d), 513, Section 587.
The filing of bonds, as was done by the appellees herein, was insufficient and ineffectual to vest the Court of Common Pleas with jurisdiction.
Technically, the orthodox procedure herein would be to remand the causes to the Court of Appeals for decisions on the *121 merits. However, all members of the court are agreed that, the causes now being before the court pursuant to the allowance of motions to certify the records, the important substantive questions involved may and should be decided here.
The judgments of the Court of Appeals are reversed and the proceedings dismissed.

Judgments reversed.

Taft, C. J., Matthias, O’Neill, Griffith and Herbert, JJ., concur.
Gibson, J., concurs in the syllabus and judgments.